UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOROTHY TAYLOR,
*on behalf of D.H., a minor,*

                       Plaintiff,

   v.                                          **DECISION AND ORDER**
                                                                05-CV-706S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

1. Plaintiff Dorothy Taylor, acting on behalf of her minor grandchild, D.H. ("Claimant"), challenges an Administrative Law Judge's ("ALJ") decision, dated April 4, 2005, wherein the ALJ denied Claimant's application for benefits after determining that Claimant was not disabled within the meaning of the Social Security Act ("the Act").

2. Claimant's mother filed an application for benefits on Claimant's behalf on January 24, 2002, alleging that Claimant was disabled from birth due to asthma and behavioral problems. This application was denied initially, and denied again on June 8, 2004, after a hearing before an ALJ. (R. at 87-91.[1]) Claimant appealed the ALJ's decision to the Appeals Council, which vacated the decision on August 16, 2004, and remanded the case for further consideration of several issues. (R. at 118-19.)

3. On remand, the ALJ conducted a new hearing, and on April 4, 2005, again denied Claimant's application. (R. at 18-23.) Claimant appealed to the Appeals Council, which denied the request for review on August 9, 2005. (R. at 8-10.) The ALJ's April 4, 2005 decision therefore became the Commissioner's final decision.

---

[1] Citations to the underlying administrative record are designated as "R."

4. Plaintiff commenced the instant federal action on October 6, 2005, by filing a Complaint in the Western District of New York. On June 19, 2006, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff cross-moved for the same relief on August 18, 2006. This Court took the motions under advisement on September 5, 2006, without oral argument. For the reasons stated below, Defendant's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

5. When the Appeals Council vacated the ALJ's decision on August 16, 2004, it did so *in toto*. (R. at 118 ("the Appeals Council vacates the hearing decision and remands this case . . .").  While the Appeals Council identified two issues to be resolved on remand and gave the ALJ specific instructions, it is clear that the Appeals Council vacated the prior decision in its entirety: it remanded the case for a new hearing; consideration of new evidence; and a new decision. (R. at 119.)

6. This Court is persuaded by Plaintiff's argument that the ALJ committed procedural and legal error by improperly relying on and incorporating his vacated decision in adjudicating Claimant's application on remand. In particular, the ALJ stated as follows:

> The Administrative Law Judge incorporates by reference his prior decision dated June 8, 2004 (Exhibit 2A), with the findings and conclusions drawn therein except as explained below. *This decision should be read in light of the prior findings and conclusions.*

(R. at 19 (emphasis added).)

The ALJ further incorporated his vacated decision by referencing his prior discussion of the school records, his prior discussion of the reasons for Claimant's poor performance on diagnostic testing, and the diagnosis of Claimant's disruptive disorder. (R. at 19, 20.)

2

7. In this Court's view, the ALJ's reliance on and incorporation of his vacated decision constitutes error. A vacated decision or order is of no legal effect and is treated as if it never existed. If the ALJ had simply referenced his prior decision as background, the error would likely be harmless. In this case, however, the ALJ explicitly made his April 4, 2005 decision dependent on his vacated June 8, 2004 by instructing that it be read in light of his prior findings and conclusions. Those findings and conclusions, however, were vacated by the Appeals Council and were therefore of no effect or validity. The Appeals Council did not limit its vacatur order to the issues it identified in its order. It clearly stated that the "hearing decision" was vacated. (R. at 118.)

8. In light of this error, this Court finds that remand to a different ALJ with no connection to this case is warranted to afford Claimant appropriate review of his application for benefits. The new ALJ will consider this case *de novo* and adhere to the instructions from the Appeals Council contained in its remand order. (R. at 118-19.) Because this case is remanded for a new hearing, this Court need not address Plaintiff's remaining claims of error.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED.

FURTHER, that this case is remanded to the Commissioner of Social Security for assignment to a new ALJ and for further proceedings consistent with this decision.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.


Dated: March 10, 2007
       Buffalo, New York

                                                /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                          United States District Judge